UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ROBERT LEE JOHNSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 11-1702 (ESH) |
| ) | |
| INTERSTATE MANAGEMENT CO., LLC, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

Plaintiff Robert Lee Johnson, who was employed as a cook at the Hamilton Crowne Plaza Hotel ("Hotel") until he was terminated in March 2011, bring this action against the Hotel's management company, Interstate Management Company, LLC ("Interstate"), and its director of Human Resources, Vanessa R. Peters ("Peters"). Plaintiff, who is proceeding *pro se*, alleges that he was terminated in retaliation for having filed complaints with the Equal Employment Opportunity Commission ("EEOC") and the Occupational and Safety Health Administration ("OSHA"), in violation Title VII of the Civil Rights Act of 1964 ("Title VII"), the Age Discrimination in Employment Act ("ADEA"), and the Americans with Disabilities Act ("ADA"). Pursuant to Federal Rule of Civil Procedure 12(b)(6), defendants have moved to dismiss the complaint for failure to state a claim. For the reasons stated herein, defendants' motion will be granted in part and denied in part.

**BACKGROUND**

According to the complaint, which at this juncture must be presumed true, Johnson was hired to work as a cook at the Hotel in July 1996. (Compl. at 2.) Over the years, Johnson's counseling/disciplinary record indicates that he was cited for several "violation/infractions." (*Id.,* Ex. 1, at 1-11.)[1] For example, on March 3, 2010, Johnson was issued a "Suspension Notice" based on an alleged "violation/infraction" that occurred on February 23, 2010, involving his preparation of chicken for a large banquet. (*Id.,* Ex. 1, at 3-5.)

On October 10, 2010, Johnson filed an EEOC complaint alleging that he had been discriminated against in violation of Title VII, the ADEA, and the ADA (the "Discrimination Charge"). (*Id.* at 2 & Ex. 1.) On several occasions thereafter, Johnson was again cited for a "violation/infraction." (*Id.*, Ex. 1, at 6-9 (documenting alleged infractions on January 11, 2011, and on February 23, 2011).

On March 22, 2011, Johnson was discharged. (*Id.* at 2 & Ex. 1, at 1.) The counseling/disciplinary record recording the termination states that "An employee who was prepared to eat their evening meal discovered a piece of plastic under the breading of a piece of chicken he was about to eat. Robert Johnson prepared the meal that the employee was eating. Robert has been documented many times regarding sanitation issues and food preparation." (*Id.*, Ex. 1, at 1.)

On April 22, 2011, Johnson filed a second EEOC complaint, this time alleging "retaliation," specifically that his "discharge was a retaliatory act due to me filing with the

---

[1] Exhibit 1 refers to the 185 pages of unnumbered documents that plaintiff attached to his complaint. For purposes of this memorandum, any specific page citation will use the automatic pagination generated by ECF.

EEOC." (*Id.* at 2 & Ex. 1, at 16 (Charge # 570-2011-00907).) Johnson set forth the following as the "particulars" of the alleged retaliation:

> I was hired by Respondent on approximately 7/9/96. My final position was as a Chef. On 10/01/10, I filed an EEOC complaint against Respondent under Title VII, ADA and ADEA (charge #570-2011-00006). On 3/22/11, I was discharged. I believe that the discharge was a retaliatory act due to me filing with the EEOC.
>
> I believe that I have been retaliated against, in violation of Title VII of the Civil Rights Act of 1964, as amended. I believe that I was retaliated against, in violation of the Age Discrimination in Employment Act of 1967, as amended. I also believe that I have been retaliated against, in violation of the Americans with Disabilities Act of 1990, as amended. The employer has stated the claimant was discharged from his most recent work for violating company safety rules and regulations policy, preparing chicken with plastic wrap. The claimant has stated that he was ask [sic] to resign or be terminated for preparing a chicken that [was] left in a plastic bag. The employer has the responsibility to present evidence sufficient to establish a finding of conduct. In this instant case the employer has not provided evidence. Therefore, work related misconduct on the part of the claimant has not been established.

(*Id.*) On June 13, 2011, the EEOC dismissed this charge, concluding that "[b]ased upon its investigation, the EEOC [was] unable to conclude that the information obtained establishe[d] violations" of the relevant employment discrimination statutes. (*Id.*, Ex. 1, at 13.) In its "Dismissal and Notice of Rights," the EEOC notified Johnson that he could "file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice." (*Id.*) ON June 17, 2011, the DC Office of Administrative Hearings affirmed the determination of a District of Columbia Department of Employment Services Claims Examiner that Interstate had not shown that Johns was discharged for disqualifying "misconduct" and, therefore that Johnson remained qualified to receive unemployment compensation benefits." (*Id.*, Ex. 1, at 86-88.)

On September 12, 2011, Johnson delivered the pending complaint to the Clerk of this Court along with an application to proceed *in forma pauperis*. On September 20, 2011, after the

application to proceed *in forma pauperis* had been granted, the Clerk filed the complaint. The complaint alleges that Johnson "was fired because I filed a complaint with the U.S. Department of Labor, for Occupational Safety and Health Administration" and "as a retaliatory act due to me filing with the EEOC." (*Id.* at 1-2.) Before the Court is defendants' motion to dismiss the complaint for failure to state a claim.

## DISCUSSION

### I. LEGAL STANDARD FOR DISMISSAL UNDER RULE 12(b)(6)

Under Federal Rule of Civil Procedure Rule 12(b)(6), a defendant may move to dismiss a complaint for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). "To survive a [Rule 12(b)(6)] motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the pleaded factual content "allows the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint must do more than set forth than "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action . . . .'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. (internal quotation marks and citation omitted). In ruling upon a motion to dismiss, a court may ordinarily consider only "the facts alleged in the complaint, documents attached as exhibits or incorporated by reference in the complaint, and matters about which the Court may take judicial notice." *Gustave–Schmidt v. Chao*, 226 F.Supp.2d 191, 196 (D.D.C. 2002) (internal citations

omitted).

## II. TIMELINESS

Defendants argue that the complaint should be dismissed on the ground that it was not timely filed. A person bringing a claim in federal court under Title VII, the ADEA or the ADA must file his lawsuit within 90 days of receipt of the EEOC's right to sue notice. 42 U.S.C. § 2000e-5(f)(1). Defendants assert that the complaint should have been filed by September 16, 2011, because plaintiff's right to sue letter was issued on June 13, 2011, and it must be assumed that it was received no more than five days later or by June 18, 2011.

Defendants correctly calculate the 90-day deadline, but overlook the fact that the complaint, although it was not docketed as filed until September 20, 2011, was submitted to the Clerk of the Court for filing on September 12, 2011, along with plaintiff's application to proceed *in forma pauperis*, as evidenced by the Clerk of Court's date received stamp on both documents. "[T]he filing of a complaint along with an [*in forma pauperis*] application . . . 'tolls the ninety-day period of limitations contained in the right to sue letter' during the Court's review of the [*in forma pauperis*] application." *Ruiz v. Vilsack*, 763 F. Supp. 2d 168, 172 (D.D.C. 2011) (quoting *Guillen v. The Nat'l Grange,* 955 F. Supp. 144, 145 (D.D.C. 1997)). Thus, a plaintiff is not held responsible for a delay attributable to the Court's review of the *in forma paupers* application and the Clerk's internal processing of his papers. *See Kone v. District of Columbia*, 808 F. Supp. 2d 80, 83 (D.D.C. 2011) ("Plaintiff is not responsible for the delay between the date the Clerk of Court received her complaint and the date on which the Clerk officially enters the complaint on the Court's electronic docket."). Accordingly, for limitations purposes, the Court must treat Johnson's complaint as if it had been filed on September 12, 2011, the date it was submitted to

the Clerk for filing. As September 12, 2011, was within the 90-day limitations period, defendants' motion to dismiss the complaint as time-barred is without merit.

**III.   OSHA**

In addition to alleging that Johnson was fired in retaliation for filing an EEOC complaint, the complaint also alleges that he was fired in retaliation for filing an complaint with OSHA that triggered an inspection, a citation and a notification of penalty in August 2010. (Compl. at 1-2; *see also id.*, Ex., 1, at 93-116). To the extent plaintiff is seeking to bring a separate retaliation claim under the Occupational Safety and Health Act of 1970 ("OSHA Act"), *see* 29 U.S.C. §§ 651-78, defendants move to dismiss on the ground that "there is no private cause of action" under the OSHA Act. (Defs.' Mem. at 6.) Defendants are correct.

The OSHA Act "prohibits employers from discharging employees because they file complaints or otherwise exercise rights afforded by the [OSHA], including but not limited to informing the [OSHA] . . . of unsafe conditions and requesting a federal inspection." *Kennard v. Louis Zimmer Comm'cns, Inc.*, 632 F. Supp. 635, 636 (E.D. Pa. 1986) (citing 29 U.S.C. § 660(c)(1) ("No employer shall discharge or in any manner discriminate against any employee because [he] has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter . . . or because of [his] exercise . . . of any right afforded by this chapter.")). The OSHA Act further provides:

> Any employee who believes that he has been discharged or otherwise discriminated against by any person in violation of this subsection may, within thirty days after such violation occurs, file a complaint with the Secretary alleging such discrimination. Upon receipt of such complaint, the Secretary shall cause such investigation to be made as he deems appropriate. <u>If upon such investigation, the Secretary determines that the provisions of this subsection have been violated, he shall bring an action in any appropriate United States district court against such person</u>. In any such action the United States district courts

>     shall have jurisdiction, for cause shown to restrain violations of paragraph (1) of
>     this subsection and order all appropriate relief including rehiring or reinstatement
>     of the employee to his former position with back pay.

29 U.S.C. § 660(c)(2) (emphasis added). Thus, it is the Secretary of the Department of Labor, not an individual employee, whom the statute authorizes to initiate a civil action in a federal district court against an employer who allegedly violated the OSHA Act by having discharged or otherwise discriminated against the employee for reporting a safety or health matter. For employees, courts have held that "[t]he statutory remedies are exclusive: they provide for the filing of a complaint with the Secretary of Labor and there is no private right of action." *Braun v. Kelsey-Hayes Co.*, 635 F. Supp. 75, 80 (E.D. Pa. 1986); *see also Kennard*, 632 F. Supp. at 637 n.1. Accordingly, plaintiff cannot bring a claim of retaliation for having filed an OSHA complaint. *See Diaz v. Superior Energy Servs., LLC*, No. 07-2805, 2008 WL 3077071, at *12 (E.D. La. Aug. 4, 2008) (dismissing claim of retaliation for reporting OSHA violations, stating that "an employee may enforce [§ 660(c))(1)] *only* by filing a complaint with the Secretary of Labor" (emphasis in original)); *Mulvaney v. City of Rochester*, No. 04-6169, 2004 WL 1660274, at *2 (W.D.N.Y. July 21, 2004) ("[OSHA] does not authorize a private cause of action for discriminatory retaliation.") (citations omitted); *Sandoval v. New Mexico Tech. Group LLC*, 174 F. Supp. 2d 1224, 1229 (D.N.M. 2001) ("[T]here is no federal cause of action for an employer's retaliatory discharge of an employee who has filed a complaint or instituted or caused to be instituted any proceeding under or related to the OSHA."); *Fletcher v. United Parcel Serv., Local Union 705*, 155 F. Supp. 2d 954, 957 (N.D. Ill. 2001) (dismissing OSHA claim on the ground that "only the Secretary of Labor may enforce rights under § 660(c)(1)").

IV.     **INDIVIDUAL CAPACITY CLAIMS AGAINST DEFENDANT PETERS**

Defendants move to dismiss all claims against defendant Peters[2] in her individual capacity on the ground that there is no individual capacity liability for a retaliation claim under Title VII, the ADEA, or the ADA. Defendants are correct. *See Jones v. The Washington Times*, 668 F. Supp. 2d 53, 57 (D.D.C. 2009) (dismissing Title VII, ADEA and ADA claims against defendants in their individual capacities); *Smith v. Janey*, 664 F. Supp. 2d 1, 8 (D.D.C. 2009) (same), *aff'd sub nom. Smith v. Rhee*, No. 09-7100, 2010 WL 1633177 (D.C. Cir. Apr. 6, 2010) (per curiam). Accordingly, to the extent the complaint includes claims against defendant Peters in her personal capacity, those claims will be dismissed.

V.      **ATTORNEYS' FEES**

Interstate deems this lawsuit "the latest in a series of frivolous administrative charges and court filings which have kept Interstate and [Crowne Plaza] occupied for over 7 years," during which time Interstate has "spent hundreds of thousands of dollars on defending [plaintiff's] imagined grievances." (Defs.' Mem. at 17.) "In the event that [plaintiff's] Complaint is dismissed, Interstate . . . requests an award of its attorney's fees incurred to defend this lawsuit." (*Id.*) As plaintiff's complaint against defendant Interstate will not be dismissed, defendants' request for attorneys' fees is denied.[3]

---

[2] Plaintiff's complaint alleges that defendant Peters "put . . . false documents" in his file (Compl. at 6), and also that she fired him because he reported Interstate to OSHA, which led to fine being imposed on the company. (*Id.* at 9.)

[3] Defendants' motion to dismiss also argues that to the extent the complaint includes claims other than for retaliation under Title VII, the ADEA and/or the ADA (*e.g.* for age discrimination or wrongful discharge), those claims should also be dismissed. Liberally construing the complaint, the exhibits attached thereto, plaintiff's response to the motion to dismiss, and the content of plaintiff's EEOC charge that preceded the filing of the complaint, it

## CONCLUSION

Accordingly, and for the reasons stated above, defendants' motion to dismiss will be granted in part and denied in part. Plaintiff's claims against defendant Peters and any purported claim under OSHA will be dismissed. Plaintiff's retaliation claims are not time-barred and will therefore not be dismissed on that ground. An separate Order accompanies this Memorandum Opinion.

                                                                              /s/
                                        ELLEN SEGAL HUVELLE
                                        United States District Judge

Date: July 3, 2012

---

does not appear to the Court that plaintiff is making any non-retaliation claims. Accordingly, the Court will not address whether such claims would be subject to dismissal for failure to exhaust or any of the other grounds put forth by defendants.