# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

ROBERT LEE JOHNSON,

        Plaintiff,

    v.

INTERSTATE MANAGEMENT CO., LLC,

        Defendant.

Civil Action No. 11-1702
DAR

## MEMORANDUM OPINION AND ORDER

Plaintiff Robert Lee Johnson, proceeding *pro se*, commenced this action against his

former employer, Defendant Interstate Management Company, following its termination of his

employment.[1]  This matter was referred to the undersigned United States Magistrate Judge for all

purposes.  Notice, Consent, and Reference of a Civil Action to a Magistrate Judge (Document

No. 19); Referral to Magistrate Judge (Document No. 21).  Following the previously assigned

United States District Judge's ruling on Defendant's motion to dismiss the original complaint,

Plaintiff sought leave of the court to amend his complaint, Motion [to] Amend[] Complaint

(Document No. 20), which the court granted as unopposed, 09/05/2012 Minute Order.

Thereafter, Defendant moved, pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss

Plaintiff's amended complaint.  Motion to Dismiss the Amended Complaint ("Defendant's

Motion") (Document No. 25).  Defendant's motion is pending for determination by the

---

[1] Plaintiff also brought claims against Defendant's director of human resources, Vanessa Peters.  However, the court (Huvelle, J.) dismissed the "claims against defendant Peters in her personal capacity."  Memorandum Opinion (Document No. 11) at 8.

undersigned.  Upon consideration of the motion; the memoranda in support thereof and

opposition thereto; Plaintiff's pleadings, and the entire record herein, the undersigned will grant

in part Defendant's motion.

## BACKGROUND

From 2006 until 2011, Plaintiff was employed as a cook at the Hamilton Crowne Plaza

Hotel, an establishment managed by Defendant, a hotel management company.  *See generally*

Complaint (Document No. 1); Answer to Complaint (Document No. 16).  On October 1, 2010,

Plaintiff filed a complaint with the United States Equal Employment Opportunity Commission

("EEOC"), charge number 570-2011-00006, alleging violations of Title VII of the Civil Rights

Act of 1964 ("Title VII"), the Age Discrimination in Employment Act ("ADEA"), and the

Americans with Disabilities Act ("ADA").  Complaint at 2.  The EEOC was "unable to conclude

that the information obtained establishe[d] violations of the statute," and mailed notice of

Plaintiff's right to file a lawsuit on March 30, 2011.  Defendant's Motion, Exhibit C (Document

No. 25-3).[2]

On March 21, 2011, Defendant terminated Plaintiff's employment at Hamilton Crowne

Plaza.  Complaint, Exhibit 1 (Document No. 1-1) at 2.[3]  Defendant's record documenting the

termination indicates that "[a]n employee who was prepared to eat their evening meal discovered

a piece of plastic under the breading of a piece of chicken he was about to eat.  [Plaintiff]

prepared the meal that the employee was eating.  [Plaintiff] has been documented many times

---

[2] *See infra* p. 7; *Ahuja v. Detica Inc.*, 742 F. Supp. 2d 96, 103 (D.D.C. 2010) (citation omitted) (noting that the court could "consider Plaintiff's EEOC Complaint and Notice of Charge" that were attached as exhibits to the defendant's motion, "without converting the motions to dismiss").

[3] Citations to the exhibits attached to Plaintiff's pleadings refer to the page number assigned by ECF.

regarding sanitation issues and food preparation." *Id.* at 1. The same record also includes a list

of previous violations and infractions. *Id.* Plaintiff's "counseling/disciplinary" record includes

other reports documenting previous incidents. *See id.* at 3-11.

Following his termination, Plaintiff filed a complaint with the EEOC, charge number

570-2011-00907, alleging violations of Title VII, the ADEA, and the ADA. *Id.* at 15. In this

April 22, 2011 complaint, Plaintiff alleged that he was discharged in retaliation for filing his

previous EEOC complaint. *Id.* at 16. Specifically, Plaintiff alleged the following:

> I was hired by Respondent on approximately 7/9/96. My final
> position was as a Chef. On 10/01/10, I filed an EEOC complaint
> against Respondent under Title VII, ADA and ADEA (charge #:570-
> 2011-00006). On 3/22/11, I was discharged. I believe that the
> discharge was a retaliatory act due to me filing with the EEOC.
>
> I believe that I have been retaliated against, in violation of Title VII
> of the Civil Rights Act of 1964, as amended. I believe that I have
> [been] retaliated against, in violation of the Age Discrimination in
> Employment Act of 1967, as amended. I also believe that I have been
> retaliated against, in violation of the Americans with Disabilities Act
> of 1990, as amended. The employer has stated the claimaint was
> discharged from his most recent work for violating company safety
> rules and regulations policy, preparing chicken with plastic wrap.
> The claimaint has stated he was asks [sic] to resign or be terminated
> for preparing a chicken that was left in a plastic bag. The employer
> has the responsibility to present evidence sufficient to establish a
> finding of misconduct. In this instant case, the employer has not
> provided evidence. [T]herefore, work related misconduct on the part
> of the claim has not been established. <u>Decision</u>: Therefore the
> claimaint listed herein is determined eligible for unemployment
> benefits effective 3/20/2011.[4]

---

[4] The court observes that some of the quoted language appears to come from proceedings regarding
Plaintiff's unemployment benefits. In April 2011, a claims examiner for the District of Columbia Department of
Employment Services determined that Defendant had not established that Plaintiff was discharged because of
"misconduct," and thus, found Plaintiff eligible for unemployment benefits. Amended Complaint, Exhibit 1
(Document No. 20-1) at 1. Defendant appealed this determination. *Id.* at 30. An Administrative Law Judge
affirmed the claims examiner's determination. Complaint, Exhibit 1 at 88.

*Id.*

After investigating Plaintiff's complaint, the EEOC determined that it was "unable to conclude that the information obtained establishes violations of the statutes." *Id.* at 13. It mailed Plaintiff a notice on June 13, 2011, advising that Plaintiff could file a lawsuit within ninety days of his receipt of the notice. *Id.* at 13-14. Plaintiff sought reconsideration of the EEOC's decision, but the EEOC denied Plaintiff's request. *Id.* at 12.

Plaintiff initiated this action on September 12, 2011, and after the court granted his application to proceed *in forma pauperis*, the Clerk of Court filed his complaint on September 20, 2011. Memorandum Opinion (Document No. 11) at 3-4. The court construed Plaintiff's original complaint as one asserting claims "that he was terminated in retaliation for having filed complaints with the [EEOC] and the Occupational and Safety Health Administration ("OSHA"), in violation [of] Title VII of the Civil Rights Act of 1964 [], the Age Discrimination in Employment Act [], and the Americans with Disabilities Act []." *Id.* at 1. The court noted that it did not appear "that plaintiff is making any non-retaliation claims," and accordingly, declined to address any such claims, "*e.g.* for age discrimination or wrongful discharge." *Id.* at 8 n.3.

In his amended complaint, Plaintiff alleges "harassment in the workplace" and "hostile workplace environment" stemming from discrimination based on his race, national origin, or ethnicity. Amended Complaint (Document No. 20) at 1. Plaintiff alleges that another employee, referred to as Chef Spencer, "was racist against [Plaintiff]," who was the only black employee that worked in the kitchen, and was "hostile" towards him because Plaintiff "caught him sexual[ly] harassing someone." *Id.* at 3. Plaintiff avers that management knew, or should have known, about this behavior, because he reported it to human resources on three or four occasions. *Id.* at 2. Plaintiff also alleges "[d]iscrimination on the basis of age by apprenticeship programs."

*Id.* at 2-3.  With respect to Defendant's discriminatory actions, Plaintiff alleges that "[t]he [h]otel refuse[d] to give [him] a referral slip" after he injured himself while working, despite giving one to another employee.  *Id.* at 3-4.  Finally, Plaintiff contends that the complaint regarding the plastic on the chicken, that ultimately led to his termination, was "a set up" and that the evidence was "falsified" against him.  *Id.* at 5.

## CONTENTIONS OF THE PARTIES

Defendant, in moving to dismiss Plaintiff's amended complaint, contends that "plaintiff has failed to exhaust his administrative remedies and/or failed to timely file his claims." Memorandum in Support of Motion to Dismiss the Amended Complaint ("Defendant's Memorandum") (Document No. 25) at 1.  Defendant contends that Plaintiff's "entire amended complaint," in which he asserts "claims of workplace harassment based on his alleged disability, race, national origin, and ethnicity, as well as [his] claim for age discrimination," fails to state a claim upon which relief can be granted because Plaintiff either failed to "first file a timely charge of discrimination with the EEOC" or filed suit "well after 90 days following the issuance of the right to sue . . . ."  *Id.* at 4-6.  Defendant submits that "plaintiff is forestalled from filing any additional charges related to his employment with Interstate as it has been more than 300 days since his termination."  *Id.* at 6.

Plaintiff contends that his amended complaint "is timely because it relates back to the original complaint, filed September 12, 2011."  Response in Opposition to Defendant's Motion to Dismiss ("Opposition") (Document No. 26) at 1; Plaintiff's Supplement to His Opposition to Defendant's Motion to Dismiss (Document No. 37) at 1.  Plaintiff argues that "[t]o the extent that the amended complaint alleges harassment in the workplace, these allegations are reasonably

related to the April 22, 2011 EEOC charge, and are thus timely." Opposition at 2.

Defendant avers that under the standard of Federal Rule of Civil Procedure 15, the amended complaint does not relate back to the original complaint because it "attempts to set forth claims of harassment that allegedly had been occurring for years prior to plaintiff's termination," which was the subject of his original complaint. Reply Memorandum in Support of Motion to Dismiss the Amended Complaint (Document No. 27) at 2. Defendant further avers that the amended complaint is "untimely because plaintiff failed to exhaust his administrative remedies with respect to the claims" alleged, representing that Plaintiff failed "to file a timely charge for each discriminatory act." *Id.* at 2-3. Finally, Defendant argues that Plaintiff concedes its argument that his amended complaint supersedes his original complaint. *Id.* at 3-4; Defendant's Supplement to its Reply Memorandum in Support of its Motion to Dismiss ("Defendant's Supplement") (Document No. 38) at 5.

**APPLICABLE STANDARD**

The Federal Rules of Civil Procedure require that a pleading stating a claim for relief contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted) (internal quotation marks omitted). The plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). While the court must accept the allegations pled in the complaint as true, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citation

omitted).  "When ruling on a motion to dismiss, the Court may consider only the facts alleged in

the complaint, any documents either attached to or incorporated in the complaint and matters of

which a court may take judicial notice."  *Plummer v. Safeway, Inc.*, No. 12-0969, 2013 WL

1289745, at *3 (D.D.C. Mar. 30, 2013) (quoting *EEOC v. St. Francis Xavier Parochial Sch.*, 117

F.3d 621, 624 (D.C. Cir. 1997)) (internal quotation marks and alterations omitted) (citing *Ahuja

v. Detica Inc.*, 742 F. Supp. 2d 96, 101-02 (D.D.C. 2010) for the proposition that "a court may

consider an EEOC Notice of Charge on a motion to dismiss because such records are 'public

documents of which a court may take judicial notice'").

        When a litigant is proceeding *pro se*, the complaint "must be held to less stringent

standards than formal pleadings drafted by lawyers . . . ."  *Jones v. Horne*, 634 F.3d 588, 596

(D.C. Cir. 2011) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).  Even under the less

stringent standard, however, "it must plead factual matter that permits the court to infer more

than the mere possibility of misconduct."  *Id.* (citations omitted) (internal quotation marks

omitted).


**DISCUSSION**

        ***Plaintiff's Claims***

        The court has already determined that "plaintiff cannot bring a claim of retaliation for

having filed an OSHA complaint."  Memorandum Opinion at 7.  Accordingly, the undersigned

will not consider Plaintiff's allegations regarding Defendant's "health violation" for leaving out

"bottles of chemicals" or Plaintiff's allegations regarding the hotel's "illegal renovation without a

building permit."  *See* Amended Complaint at 2-4.

        With respect to Plaintiff's claim of retaliation for having filed an EEOC complaint, the

undersigned finds that said claim is properly before the court since it survived Defendant's

previous motion to dismiss.  *See* Memorandum Opinion at 5, 9 ("Plaintiff's retaliation claims are

not time-barred and will therefore not be dismissed on that ground.").  In so finding, the court

rejects Defendant's argument that Plaintiff's amended complaint supersedes his original

complaint.  *See* Defendant's Supplement at 5-6.  While an amended complaint generally

supersedes the original, the court, mindful of Plaintiff's *pro se* status, will instead consider his

pleadings collectively.  *See Ford v. Donovan*, 891 F. Supp. 2d 60, 62 (D.D.C. 2012) ("Instead of

superseding his original Complaint, as a typical Amended Complaint does, this later pleading

supplements it. Given his *pro se* status, the Court will treat the combined pleadings as one joint

Complaint."); *Kim v. United States*, 840 F. Supp. 2d 180, 185 (D.D.C. 2012) (citing, *inter alia*,

*Richardson v. United States*, 193 F.3d 545, 548 (D.C. Cir. 1999)) (noting that "where a *pro se*

party has filed multiple submissions, the district court must generally consider those filings

together and as a whole"), *aff'd*, 707 F.3d 335 (D.C. Cir. 2013).

Finally, from what the court can ascertain, broadly construing Plaintiff's pleadings,

Plaintiff has asserted new claims of "harassment in the workplace" based on his race, national

origin, or ethnicity, resulting in a "hostile workplace environment," and of age discrimination.[5]

*See* Amended Complaint at 1-2.  Therefore, the following claims are pending: (1) termination in

retaliation for filing an EEOC complaint; (2) harassment based on race, national origin, or

ethnicity; (3) hostile work environment; and (4) age discrimination.

---

[5] In his amended complaint, Plaintiff submits that he "was [l]egally blind in [his] left eye," and that "Hampton Crown Plaza Hotel took advantage of [his] eye sight . . . ."  Amended Complaint at 5.  The court, however, has not construed a claim under the Americans with Disabilities Act because Plaintiff did not include any additional allegations that he did not previously raise in his initial complaint.  *See* Complaint at 7.  The court (Huvelle, J.) already determined, after "[l]iberally construing" Plaintiff's submissions, that Plaintiff did not raise such a claim.  *See* Memorandum Opinion at 8 n.3.

### *Exhaustion of Administrative Remedies*

Defendant argues that Plaintiff's EEOC charge only encompasses his claim of retaliatory discharge, and accordingly, Plaintiff's additional claims "are outside the scope of the charge and should be dismissed" for failure to exhaust his administrative remedies. Defendant's Memorandum at 5-6. Plaintiff counters that the "allegations are reasonably related to the April 22, 2011 EEOC charge, and are thus timely." Opposition at 2.

It is well established that "[p]rior to filing a Title VII suit, a plaintiff must exhaust his administrative remedies by filing an EEOC charge outlining his allegations." *Duberry v. Inter-Con Sec. Sys., Inc.*, 898 F. Supp. 2d 294, 298 (D.D.C. 2012) (citing 42 U.S.C. § 2000e–5(e)). Similarly, no civil action under the ADEA may be commenced unless the individual has timely filed with the EEOC a charge of unlawful discrimination. 29 U.S.C. § 626(d). "If a plaintiff does not timely exhaust his administrative remedies . . . his claim is subject to dismissal under Rule 12(b)(6) for failure to state a claim upon which relief can be granted." *Noisette v. Lew*, No. 11-1594, 2013 WL 1289864, at *2 (D.D.C. Mar. 30, 2013) (citation omitted); *see also Koch v. Walter*, No. 10-0150, 2013 WL 1291097, at *3 (D.D.C. Mar. 30, 2013) ("Prudential exhaustion under Title VII and the ADEA . . . is evaluated either under Rule 12(b)(6) for failure to state a claim or . . . under Rule 56.").

"A Title VII lawsuit following the EEOC charge is limited in scope to claims that are like or reasonably related to the allegations of the charge and growing out of such allegations." *Park v. Howard Univ.*, 71 F.3d 904, 907 (D.C. Cir. 1995) (citation omitted) (internal quotation marks

omitted); *see also Koch*, 2013 WL 1291097, at *3 (citation omitted).[6]  This standard also applies

to matters brought pursuant to the ADEA.  *Emory v. United Air Lines, Inc.*, 821 F. Supp. 2d 200,

226 (D.D.C. 2011) (internal quotation marks and alterations omitted) (citation omitted) ("[A]n

ADEA lawsuit is limited in scope to claims that are like or reasonably related to the allegations in

the EEOC charge.").  "In order for a claim to be considered 'reasonably related' to a claim

contained in the administrative complaint, it 'must arise from the administrative investigation

that can reasonably be expected to follow the charge of discrimination.'"  *Koch*, 2013 WL

1291097, at *3 (citing *Payne v. Salazar*, 619 F.3d 56, 65 n.9 (D.C. Cir. 2010)).

"Although it is true that the administrative charge requirement should not be construed to

place a heavy technical burden on individuals untrained in negotiating procedural labyrinths, it is

also true that the requirement of some specificity in a charge is not a mere technicality."  *Park*,

71 F.3d at 907 (internal quotation marks omitted) (citations omitted).  "Allowing a complaint to

encompass allegations outside the ambit of the predicate EEOC charge would circumvent the

EEOC's investigatory and conciliatory role, as well as deprive the charged party of notice of the

charge, as surely as would an initial failure to file a timely EEOC charge."  *Marshall v. Fed.*

---

[6] In *National Railroad Passenger Corporation v. Morgan*, the Supreme Court analyzed the charge filing provision under Title VII, 42 U.S.C. § 2000e-5(e)(1), and held that "discrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges."  536 U.S. 101, 113 (2002).  With respect to hostile work environment claims, the Court held that the plaintiff "need only file a charge within 180 or 200 days of any act that is part of the hostile work environment."  *Id.* at 118.  Some judges of this court have questioned the applicability of the *Park* standard following the Supreme Court's ruling in *Morgan*.  *See, e.g., Wade v. Dist. of Columbia*, 780 F. Supp. 2d 1, 14 (D.D.C. 2011) (citations omitted) ("The Court does recognize that several courts in this district have suggested that the 'like or reasonably to' standard elicited in *Park* no longer applies in light of the Supreme Court's holding in [*Morgan*] that each discrete adverse employment action individually triggers Title VII's limitation period on filing claims.").  The Circuit has declined to decide whether *Morgan* overruled *Park* and "that line of cases."  *Payne v. Salazar*, 619 F.3d 56, 65 (D.C. Cir. 2010).  Another member of this court has reasoned that "[b]ecause this Circuit has yet to address the precise reach of *Morgan,* and because . . . the plaintiff's allegations fail to satisfy even the more liberal standard announced in *Park,* the court declines to pass on this issue."  *Hudson v. Children's Nat'l Med. Ctr.*, 645 F. Supp. 2d 1, 3 n.4 (D.D.C. 2009).

*Express Corp.*, 130 F.3d 1095, 1098 (D.C. Cir. 1997) (internal quotation marks and alterations

omitted) (quoting *Schnellbaecher v. Baskin Clothing Co.*, 887 F.2d 124, 127 (7th Cir. 1989)).

In his April 22, 2011 EEOC charge form, in the section labeled "discrimination based

on," Plaintiff indicated that the alleged discrimination was based on retaliation, and did not check

any of the other boxes.  Complaint, Exhibit 1 at 16.  Under "date(s) discrimination took place,"

only "03-22-2011," the date on which Plaintiff was terminated, appears.  *Id.*  Further, the free-

text section requesting the "particulars" of the discrimination only contains allegations regarding

Plaintiff's termination in retaliation for filing an EEOC complaint.  *See id.*  Beneath the signature

block, Plaintiff added "I was the only Black Afro American that worked in the kitchen [illegible]

Spencer Wolf did not like Blacks.  He is racist."  *Id.*

Reviewing the charge form, the undersigned finds that the claims of harassment, hostile

work environment and age discrimination which Plaintiff alleges in his amended complaint are

not "like or reasonably related" to the allegations he included in the charge form, which pertained

solely to his termination, allegedly in retaliation for having filed an EEOC complaint.[7]  There are

no factual allegations presented in the charge form that would put the EEOC on notice of any

harassment, hostile work environment and age discrimination claims, and give rise to an

investigation of those claims.  *See, e.g.*, *Park*, 71 F.3d at 908-09 (finding that because the

plaintiff's "EEOC charge contained no claims or factual allegations that could reasonably be

expected upon investigation to lead to a hostile work environment claim . . . she failed to exhaust

---

[7]  Although Plaintiff refers to an earlier EEOC charge, filed on October 1, 2010, he relies solely on his April 22, 2011 charge in support of his argument that he exhausted his administrative remedies.  *See* Opposition at 2. Further, the court observes that the EEOC mailed Plaintiff a notice of his right to file a lawsuit, corresponding to the October 1, 2010 charge, on March 30, 2011.  Defendant's Motion, Exhibit C.  Therefore, as Defendant notes, any claims with respect to the October 1, 2010 charge would be untimely.

her administrative remedies for such a claim at the EEOC"); *Bowe-Connor v. Shinseki*, No. 10-2032, 2013 WL 297781, at *4-5 (D.D.C. Jan. 25, 2013) (finding that the plaintiff failed to exhaust her administrative remedies after noting that her allegation of national origin discrimination was "not reasonably related to the allegations in her EEO complaint, which only alleged age and gender as the bases for discriminatory treatment"); *Hudson*, 645 F. Supp. 2d at 6 (finding that the plaintiff failed to exhaust his administrative remedies for certain claims after noting that the allegations in his administrative complaint and in his civil suit were "temporally distinct, involve unique incidents and assert entirely different causes of action"); *cf. Wade v. Dist. of Columbia*, 780 F. Supp. 2d 1, 12 (D.D.C. 2011) (finding that the plaintiff's hostile work environment claim was "based primarily on the allegations he raised in his charges," and thus, he had exhausted his administrative remedies as to that claim).  Plaintiff's added allegations that "Spencer Wolf did not like Blacks" and "is racist" are not sufficient to support Plaintiff's new claims, because Plaintiff, in his EEOC charge form, did not allege any additional facts to suggest that Spencer Wolf discriminated against him.  *Cf. Park*, 71 F.3d at 908 (internal quotation marks and alterations omitted) (citation omitted) ("[S]ome detail, beyond a statement that I believe I have been discriminated against because of my race . . . is necessary to allow the agency to perform its statutory duty in regard to a harassment claim.").

Accordingly, the court finds that Plaintiff failed to exhaust his administrative remedies with respect to his claims of harassment, hostile work environment and age discrimination. Thus, those claims are dismissed, and only Plaintiff's claim of termination in retaliation for filing an EEOC complaint survives.

***Timeliness***

Having dismissed Plaintiff's claims of harassment, hostile work environment, and age

discrimination for failure to exhaust administrative remedies, the court need not consider the

timeliness of these claims.  With respect to Plaintiff's claim of termination in retaliation for filing

an EEOC complaint, the court (Huvelle, J.) has already determined that the claim is timely.

Memorandum Opinion at 5-6.


**CONCLUSION**

For the foregoing reasons, it is, this 27th day of August, 2013,

**ORDERED** that Defendant's Motion to Dismiss the Amended Complaint (Document

No. 25) is **GRANTED IN PART**; and it is

**FURTHER ORDERED** that the parties appear for a status conference on Thursday,

September 12, 2013 at 2:30 p.m. to address the remaining claim.[8]



_____/s/_____
DEBORAH A. ROBINSON
United States Magistrate Judge

---

[8] The parties originally contemplated filing dispositive motions following resolution of Defendant's motion to dismiss and completion of discovery.  *See* Scheduling Order (Document No. 23).  Because the court vacated the dispositive motions briefing schedule pending determination of the motion, Order (Document No. 34) at 2, the court will hear from the parties regarding how they wish to proceed.